30 F.3d 142
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Sulayman Ansar RAHIM, Plaintiff-Appellant,
v.
Eddie MORGAN, Larry Williams, Ron Ward, and Delores Ramsey,
Defendants-Appellees.
 No. 93-7126.
 United States Court of Appeals, Tenth Circuit.
 July 14, 1994.
 
 Before LOGAN, SETH, and BARRETT, Circuit Judges.
 
 
 1
 ORDER AND JUDGMENT*
 
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); Tenth Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 3
 Appellant, an inmate at Oklahoma State Penitentiary, filed a civil rights complaint under 42 U.S.C.1983, alleging that his due process and equal protection rights were violated. The United States District Court for the Eastern District of Oklahoma granted Appellees' motion to dismiss under Fed.R.Civ.P. 12(b)(6), finding that Appellant's complaint was too conclusory to state a claim upon which relief could be granted. We review a dismissal under Rule 12(b)(6) de novo. Dunn v. White, 880 F.2d 1188, 1190 (10th Cir.). We view Appellant's complaint in the light most favorable to him, and since Appellant is proceeding prose, we hold his complaint to a less stringent standard than that of an attorney. Meade v. Grubbs, 841 F.2d 1512, 1526 (10th Cir.).
 
 
 4
 Appellant, a black inmate, was involved in disciplinary proceedings for fighting with a white inmate. He states in his complaint that his equal protection rights were violated because he was punished for fighting while the white inmate was not. These facts, standing alone as presented by Appellant, are insufficient to survive a Rule 12(b)(6) motion because they are too conclusory. Dunn v. White, 880 F.2d 1188, 1190 (10th Cir.). The simple comparison and conclusion given by Appellant is insufficient to support a claim of discrimination.
 
 
 5
 Furthermore, Appellant claims his due process rights were violated because two of the officials involved in the separate disciplinary proceedings against Appellant and the other inmate were cousins. As the district court correctly stated, "[t]he fact that a disciplinary officer was assisted by an officer that was related to him simply does not lead to a conclusion that there was unconstitutional impartiality in the proceedings." Ct. Order at 2. Appellant's premise is too conclusory to support a finding of a due process violation.
 
 
 6
 We agree with the district court that Appellant did not allege sufficient facts to support a due process or an equal protection claim. The order of the United States District Court for the Eastern District of Oklahoma dismissing Appellant's complaint is AFFIRMED.
 
 
 
 *
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470